# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO:** <br> **1:13-CV-03898-TWT** |
| **UZO AKPELE; J.E.A. (a minor); and ANN HERRERA (in her capacity as Temporary Administrator of THE ESTATE OF IGNATIUS ESEKHAIGBE AKPELE),** | |
| Defendants, | |
| and | |
| **AIE SURGICAL PRACTICE, L.L.C DEFINED BENEFIT PLAN a/k/a DR. IGNATIUS E. AKPELE DEFINED BENEFIT PLAN (Brent E. Wilson, Trustee),** | |
| Third-Party Defendant. | |

## TRUSTEE'S OBJECTION TO ENFORCEMENT OF PURPORTED SETTLEMENT AGREEMENT

COMES NOW **AIE SURGICAL PRACTICE, L.L.C DEFINED BENEFIT PLAN a/k/a DR. IGNATIUS E. AKPELE DEFINED BENEFIT PLAN (AIE DB Plan" or "Plan"**), by and through its court-appointed Plan

1

trustee, **BRENT L. WILSON, ("Wilson" or "Trustee")**, and Objects to the purported Settlement Agreement between counsel for the Defendants in this case and for which its enforcement is scheduled to be heard by the Court by evidentiary hearing on February 23, 2016, showing the Court that the purported settlement agreement between counsel for Defendants was not authorized nor ratified by the undersigned Trustee, and is therefore unenforceable as a matter of law, pre-empted by ERISA, and void ab-initio to the extent that the basis of the purported settlement agreement is the proceeds of that certain pension whole life insurance policy (Policy No. 4971208) as amended, issued on the life of Dr. Ignatius E. Akpele by the plaintiff in interpleader, MetLife Life & Annuity Company of Connecticut on or about July 1, 2005, and which is an asset of the AIE DB Plan under Title 1 of ERISA.

  Trustee further shows the Honorable Court that under the terms of the applicable provisions of the AIE DB Plan's Basic Plan (Trust) Document as well as the express terms of the life insurance application and policy, the life insurance policy is OWNED by the TRUSTEE, and the TRUSTEE is therefore the <u>sole</u> Beneficiary of the death benefit proceeds payable thereunder, and is the rightful and sole beneficiary entitled to receive the entire death benefit proceeds of the policy which forms the corpus of the alleged settlement agreement.

Trustee further shows this Honorable Court that the purported settlement agreement which seeks to convert and alienate the death benefit proceeds away from the AIE DB Plan & Trust violates the anti-alienation, anti-assignment, non-waivability, and other specific provisions of the Plan Trust which governs the operation of the AIE DB Plan.

In support of this Objection, Trustee relies on the pleadings, documents, exhibits, and all matters of record and therefore, urges this Court to decline enforcement of the purported settlement agreement for the foregoing and, additional reasons stated below:

1.

By an Adoption Agreement dated April 19, 2005, Decedent, Dr. Ignatius Akpele established the AIE Surgical Practice, LLC Defined Benefit Plan ("AIE DB Plan"), as a tax qualified, non-integrated defined benefit plan. The AIE DB Plan was established April 19, 2005 using a First Actuarial-sponsored prototype Adoption Agreement identified as **"First Actuarial Corporation's Non-Standardized Adoption Agreement #002 for FAC Basic Plan #01 GUST form**" **(Exhibit 1)**.

2.

The AIE DB Plan is governed by the Employee Retirement Income Security Act ("ERISA") and the Internal Revenue Code.  The Plan is also governed and administered in accordance with the terms as stated in the "**First Actuarial Corporation's 'Basic Plan (Trust) Document #01' for First Actuarial Corporation Defined Benefit Plan**" **(Exhibit 2)**. The AIE DB Plan & Trust was reviewed and issued a Favorable Determination Letter by the United States Internal Revenue Service by letter dated August 23, 2006, approving the plan and its attendant documents as being in full compliance with Section 401(a), et seq. of the Internal Revenue Code, as amended. **(Exhibit 3)**.

3.

Decedent Akpele was the sole Trustee of the AIE DB Plan with no provisions made in the Plan for appointment of a successor trustee(s). Decedent Akpele died on December 30, 2010, and the AIE DB Plan was left with no trustee to manage its affairs as specified under the terms of the Plan and Trust document. Consequently, the undersigned was appointed by this Court to serve as Successor-Trustee of the AIE DB Plan by an Order of this Court entered of record on September 29, 2014. **(Doc. 63)**.

4.

Under the express terms of the AIE DB Plan, "If contracts [insurance] are purchased for the funding of death or retirement benefits........... The **Trustee shall be the sole owner and Beneficiary of each such contract**, unless and until such time as the Contract is distributed to a Participant or a Beneficiary in satisfaction of liabilities to such party under this Plan or is transferred to the Participant or a Beneficiary for the fair market value...." **[bold underscore added for emphasis] (Exhibit 2 p. 39 @ §6.05**). Accordingly, on or about April 27, 2005, Dr. Ignatius Akpele as trustee of the AIE DB Plan, submitted an application dated April 27, 2005 to the Travelers Life and Annuity Insurance Company on behalf of the AIE DB Plan, to purchase a pension whole life insurance coverage with the death benefit amount of Five Million One Hundred Forty Eight Thousand Two Hundred Six dollars ($5,148,206.00). **(Exhibit 4).**

5.

The Trustee is the sole owner and beneficiary of the whole life policy which was approved and issued by plaintiff MetLife effective July 1, 2005. **(Exhibit 4A)**. The whole life policy number **4971208** is governed by the Plan and Trust documents.

6.

On June 17, 2005, the Travelers approved and issued a level premium pension whole life insurance policy contract number 4971208 in the face amount of $5,148,206, on the life of Ignatius E. Akpele, with contract date of April 19, 2005, and delivered a copy of same to decedent Akpele with a copy of the initial executed life insurance application, rider form and medical examination report attached thereto and made a part of the contract. **(Doc. 70 - MetLife Amended Answer to Counterclaim ¶62).** Dr. Akpele passed away on December 30, 2010.

7.

Plaintiff MetLife Life & Annuity Company of Connecticut interpleaded the whole life death benefit in a reduced amount to this Court and joined Dr. Akpele's estate, his surviving spouse and son as Defendants in the action, while the AIE DB Plan was subsequently joined as third party defendant. The Estate of Dr. Akpele claims that the estate, and decedent's spouse and child entered into a settlement agreement to split the interpleaded death benefit proceeds in whatever amount this Court ultimately determined in equal shares between themselves, The undersigned OBJECTS in the strongest terms to any such unlawful and illegal agreement.

8.

The undersigned contends that to the extent that there was any purported discussion and/or agreement by anyone to alienate, assign or appoint the death proceeds of the whole life insurance policy to anyone other than the Plan and Trust through the undersigned Trustee, such agreement is void, unenforceable, void and/or voidable and, should not be given life or enforced by this Court. To the extent that Georgia law permits such collusion between parties to convert and share a qualified plan's assets, state law is pre-empted by ERISA. Thus, any purported settlement agreement between Defendants' Estate and Uzo Akpele's counsel to anticipatorily and/or contingently agree to alienate and divide the policy death benefit benefits between their respective clients is a nullity ab-initio, and violates the express terms of the Plan and Trust. The aforementioned party defendants have no lawful title to the death benefit benefits which are assets of the Plan and Trust under ERISA , nor has the Trustee authorized any party to speak on behalf of the Plan and Trust.

9.

Significantly, §18.06 of the AIE DB Trust mandates in relevant part that **"[N]o Participant or Beneficiary shall have the right to alienate, anticipate, commute, pledge, encumber, or assign any of the benefits or payments which**

**he may expect to receive, contingently or otherwise, under this Plan, except the right to designate a Beneficiary or Beneficiaries as hereinbefore provided...."** Thus, no participant (Dr. Akpele) or beneficiary (defendant Uzo Akpele) had the right to enter into negotiation with anyone else to alienate, assign, share or split the benefits under the express terms of the Plan and Trust.

10.

Furthermore, the undersigned did not participate in any such discussion(s) nor authorized, ratified, or entered into an agreement with any other party in this matter to appoint or share the Plan's death benefit with any other party, nor did he ratify, confirm, agree, subscribe to or encourage any such action between other Defendants' counsel in this case.  Accordingly, neither Dr. Akpele's estate  nor defendant Uzo Akpele had the authority, power or right under the  Plan and Trust to alienate, alter or waive any rights thereunder. As such, neither defendant Uzo Akpele, nor the Estate had the right to decide to share or compromise whatever perceived interest they might have had in the life insurance policy , which is properly owned by the Trustee of the Plan under the terms of the Plan, to the total exclusion of other Defendants. **(Exhibit 2 p. 82 @ §18.06)**.

11.

Additionally, the Trust terms specify that as a fully insured plan "no value under contracts providing benefits under the Plan or credits (on account of dividends, earnings or other experience rating credits, or surrender or cancellation credit) with respect to such contracts may be paid to the Employer or diverted to or used for other than providing Plan benefits for the exclusive benefit of Employees or their Beneficiaries." **(Exhibit 2 p. 84 @ §18.22(1)**. Thus, no portion of the assets of the Trust, including the death benefit proceeds could possibly revert back to the employer or Plan owner, the AIE Surgical Practice, LLC from which the Estate claims to derive its alleged interest in the death proceeds of the policy at issue in this case.

12.

The undersigned Trustee hereby authenticates and declares that the Exhibits attached hereto, as well as all exhibits submitted hereto are authentic and accurate copies of the originals of what they purport to be, and were provided to him by third parties who either created them, produced them during discovery, and were received from, obtained, and/or represented to me by such persons as the business records of such third parties having been prepared in their ordinary, normal and regular course of their respective business by such parties or persons, and are

hereby authenticated as true and correct copies of said documents in the undersigned's custody, possession and control.

13.

For the foregoing reasons, the undersign Objects to the enforcement of any alleged or purported settlement agreement between the estate of Dr. Akpele and decedent's family members.

Respectfully submitted, this  17th   day of  February, 2016.

                                               s/Brent L. Wilson
                                               Brent L. Wilson
                                               Georgia Bar No. 767667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile
bwilson@elarbeethompson.com


Trustee for AIE Surgical Practice, LLC Defined
Benefit Plan a/k/a Dr. Ignatius E. Akpele Defined Benefit Plan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO:** <br> **1:13-CV-03898-TWT** |
| **UZO AKPELE; J.E.A. (a minor); and ANN HERRERA (in her capacity as Temporary Administrator of THE ESTATE OF IGNATIUS ESEKHAIGBE AKPELE),** | |
| Defendants, | |
| and | |
| **AIE SURGICAL PRACTICE, L.L.C DEFINED BENEFIT PLAN a/k/a DR. IGNATIUS E. AKPELE DEFINED BENEFIT PLAN (Brent E. Wilson, Trustee),** | |
| Third-Party Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing TRUSTEE'S OBJECTION TO ENFORCEMENT OF PURPORTED SETTLEMENT AGREEMENT with the Clerk of Court using the CM/ECF system

11

which will automatically send an email notification of such filing to all attorneys of record.

                                              s/Brent L. Wilson
                                              Brent L. Wilson
                                              Georgia Bar No. 767667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700 Telephone
(404) 222-9718 Facsimile
bwilson@elarbeethompson.com


Trustee for AIE Surgical Practice, LLC Defined
Benefit Plan a/k/a Dr. Ignatius E. Akpele Defined Benefit Plan