IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

METLIFE LIFE AND ANNUITY COMPANY OF CONNECTICUT,

Plaintiff,

v.

UZO AKPELE, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-3898-TWT

**ORDER**

This is an interpleader action. It is before the Court on the Motion for Disbursement of Funds From the Registry of the Court by AIE Surgical Practice, LLC Defined Benefit Plan [Doc. 119].

**I. Background**

Dr. Ignatius Akpele incorporated AIE Surgical Practice, LLC, as a Georgia limited partnership on September 5, 2000.[1] Dr. Akpele was the sole member of that practice.[2] On April 19, 2005, AIE Surgical Practice established the AIE Surgical

---

1 Def. Herrera's Statement of Material Facts ¶ 1.

2 Id. ¶ 2.

Practice, LLC Defined Benefit Plan.[3] The Plan was approved by the IRS as a tax qualified, § 412(I), non-integrated pension plan on August 23, 2006.[4] Dr. Akpele was the sole trustee named in the plan documents.[5]

To fund the Defined Benefit Plan, he applied for a whole life insurance policy in the face amount of $5,148,206.00 with Travelers Life and Annuity Company, which is now known as MetLife Life and Annuity Company of Connecticut.[6] That application was dated April 27, 2005.[7] Dr. Akpele signed the application as trustee of the Defined Benefit Plan and designated that plan as the owner of the life insurance policy.[8] Initially, Dr. Akpele designated Defendants Uzo Akpele and their minor child, J.E.A., (the "Akpele Defendants") as beneficiaries of the life insurance policy.[9] During the underwriting process, the beneficiary on the insurance policy was changed to the Defined Benefit Plan.[10] The Akpele Defendants dispute whether Dr. Akpele

---

3 Id. ¶ 3.

4 Id. ¶¶ 3-4.

5 Id. ¶ 6.

6 Id. ¶ 8.

7 Id.

8 Id. ¶¶ 10-11.

9 Id. ¶ 12.

10 Id. ¶ 13.

authorized this change.[11] They recognize, however, that the Defined Benefit Plan documents require the plan to be the beneficiary of any insurance policies purchased for the purpose of funding the plan.[12] In fact, Travelers could not issue the policy until the Defined Benefit Plan was listed as both the owner and beneficiary of the life insurance policy.[13] Travelers issued the policy on Dr. Akpele's life with a contract date of April 19, 2005, in the amount of $5,148,206.00, with the Defined Benefit Plan as the designated beneficiary.[14] When MetLife acquired Travelers Life, it reissued the policy as a MetLife policy with identical terms.[15]

Dr. Akpele became ill in December 2009, was diagnosed with terminal multiple myeloma cancer and other attendant illnesses in early 2010, and passed away on December 30, 2010.[16] Unaware that Dr. Akpele had died, MetLife sent a statement regarding imputed income in January of 2011.[17] After learning of Dr. Akpele's death,

---

[11] Id.

[12] Defs. Uzo Akpele and J.E.A.'s Br. in Opp'n of Ann Herrera's Mot. for Partial Summ. J. and in Supp. of Their Counter-Mot. for Summ. J., at 19, 25.

[13] Pl.'s Statement of Facts ¶¶ 15-16, 18.

[14] Def. Herrera's Statement of Material Facts ¶ 14.

[15] Id.; Pl.'s Statement of Facts ¶ 35.

[16] Def. Herrera's Statement of Material Facts ¶¶ 15-16.

[17] Pl.'s Statement of Facts ¶ 51.

MetLife sent a claim packet addressed to his family on February 1, 2011.[18] That letter explained that the benefits were payable to the trustee of the Defined Benefit Plan and requested that the trustee send the paperwork to process the claim.[19] MetLife made a second request that the trustee send claim paperwork on May 7, 2011.[20] By order of the Probate Court of Fulton County, Georgia, Defendant Ann J. Herrera was appointed temporary administrator of Dr. Akpele's estate on July 1, 2011.[21] On November 29, 2012, Uzo Akpele called MetLife and requested the benefits from the policy.[22] MetLife noted that Mrs. Akpele stated that she was not the trustee, but would have the trustee return the required form and certified death certificate.[23] On December 12, 2012, the Akpele Defendants filed a claim with MetLife for proceeds under the life insurance policy.[24] MetLife refused to pay death benefits to the Akpele Defendants, citing the ground that they were not the listed beneficiaries.[25] Instead, MetLife filed

---

18 Id. ¶ 52.

19 Id. ¶ 53.

20 Id. ¶ 54.

21 Def. Herrera's Statement of Material Facts ¶ 22.

22 Pl.'s Statement of Facts ¶ 55.

23 Id. ¶ 56.

24 Def. Herrera's Statement of Material Facts ¶ 24.

25 Pl.'s Statement of Facts ¶ 58.

its interpleader complaint on November 22, 2013, and deposited the death benefits with interest in the amount of $635,562.25 on December 16, 2013.[26] The Trustee of the Plan has filed this Motion to Disburse Funds. The Defendant Herrera contends that the Court should enforce a settlement agreement between the Estate and the Akpele Defendants.

## II. Discussion

The AIE DB Trust mandates that no participant or beneficiary shall have the right to "alienate, anticipate, commute, pledge, encumber, or assign any of the benefits or payments which he may expect to receive, contingently or otherwise, under [the] Plan, except the right to designate a Beneficiary or Beneficiaries . . . ." Consistent with ERISA, the Trustee is the sole beneficiary of the Plan's assets and may not alienate, assign, or otherwise make such Plan assets subject to other legal or equitable process. Furthermore, counsel for the Akpele Defendants had no authority to bind the Trustee to a settlement agreement with Dr. Akpele's Estate. Therefore, the funds in the registry of the Court must be paid to the AIE Surgical Practice, LLC Defined Benefit Plan.

---

26 Id. ¶ 60.

## III. Conclusion

The Trustee's Motion for Disbursement of Funds From the Registry of the Court by AIE Surgical Practice, LLC Defined Benefit Plan [Doc. 119] is GRANTED. The Defendant Herrera's Renewed Motion to Enforce Settlement [Doc. 122] is DENIED.

SO ORDERED, this 20 day of June, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge